**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **2:06-cr-97** |
| | ) | |
| DEION LAMONT WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM ORDER**</u>

Defendant Deion Lamont Wilson ("Defendant") has been charged with violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1), *i.e.*, possession of a firearm by a convicted felon. Before the court for consideration and disposition are the following pretrial motions filed by Defendant:

1.    REQUEST FOR SPECIFIC *KYLES* AND *BRADY* INFORMATION (*Document No. 22*);

2.    MOTION TO SUPPRESS EVIDENCE, WITH CITATION TO AUTHORITY (*Document No. 23*); and

3.    MOTION TO PRODUCE EVIDENCE WHICH THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 609, WITH CITATION OF AUTHORITY (*Document No. 24*).

The government has filed its OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS ("Response") (*Document No. 27*). The issues have been fully briefed, and the motions are ripe for disposition. After considering the filings of the parties, the record and the relevant statutory and case law, the Court makes the following rulings.

<u>**Request for Specific *Kyles* and *Brady* Information**</u>

Defendant has requested that the government be compelled to disclose a variety of exculpatory or otherwise favorable evidence regarding government witnesses and/or informants. In requests A-E, I-L, N, O and Q Defendant requests various information which, generally speaking, would be relevant to the credibility of any cooperating witness or government

informant.  However, the government asserts that it "did not utilize a confidential informant or other species of cooperating witness in the investigation of [Defendant's] activities," and that "[a]ccordingly, the bulk of [Defendant's] request is moot."  Response at 19.  The Court agrees, and finds that requests A-E, I-L, N, O and Q are moot in light of there being no cooperating witness or government informant in this case.  Therefore, these requests are **DENIED**.

Requests F, G, M, P and R-T seek *Brady* and impeachment-type *Brady* information regarding "any prospective government witness"   The government responds that it "will comply with its obligations to disclose exculpatory material if it exists," and that impeachment materials relating to government witnesses "will be turned over, along with the *Jencks* materials, one week prior to trial."  Response at 19-20.  The Court views the government's Response as sufficient and does not doubt that the material will be disclosed.  Nevertheless, these requests will be **GRANTED IN PART**, as follows: It is hereby **ORDERED** that the government shall disclose all *Brady* material, *i.e.*, purely exculpatory material, as soon as such material is available, and shall disclose all impeachment-type *Brady* material one week prior to trial.

Request H seeks "[t]he name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness."  Motion at 3.  This request is **GRANTED** to the extent that Defendant is requesting any *Brady* material which may exist, but is otherwise **DENIED**.

Request U seeks "[a]pplicable records of the United States Probation Department if the witness has been placed on probation or a Pre-Sentence Investigation ("PSI") has been conducted."  Motion at 7.  Regarding PSIs, all of the cases cited by Defendant address the discoverability of  PSIs prepared for co-defendants or unindicted co-conspirators.  There are no co-defendants in this case, and it does not appear that the case involves any unindicted co-conspirators.  Additionally, Defendant has not identified any specific individuals to whom his request may apply, and has made no "showing of special need" or demonstrated that "the ends of

justice" require the disclosure of any PSIs which may exist.  *See United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992); *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976).  In fact, Defendant has merely raised the theoretical possibility that exculpatory information exists in a PSI or Probation Office file.  Therefore, this request of Defendant is **DENIED WITHOUT PREJUDICE**.

### Motion to Suppress Evidence

"On February 11, 2006, members of the Pennsylvania State Police applied for and received a warrant authorizing the search of a motel room rented and currently occupied by [Defendant]."  Response at 2.  "During the search the police recovered an amount of cocaine and a Taurus handgun."  *Id*.  Defendant challenges the determination of the District Justice that probable cause existed to issue the search warrant.  Specifically, Defendant contends that "[t]he issuing magistrate abdicated his duties when he failed to question the requesting law enforcement officer concerning the 'facts' alleged in his Application since the Application is 'bare bones' and fails to state with any particularity sufficient facts supporting an allegation of criminal activity."  Motion at 3.

The Court's scope of review is limited to the four corners of the affidavit, and the standard of review is fairly limited:

> When faced with a challenge to a magistrate's probable cause determination, a reviewing court must remember that its role is limited.  It is not to conduct a *de novo* review.  Rather, it simply ensures that the magistrate had a substantial basis for concluding that probable cause existed.  Of course, such deference  does not mean that reviewing courts should simply rubber stamp a magistrate's conclusions.  But it does mean that the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Jones*, 994 F.2d 1051 (3d Cir. 1993) (citations and quotation marks omitted).

The Court is also mindful of the following principles:

> The task of the issuing magistrate is make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a

particular place.  In [*Illinois v. Gates*, 462 U.S. 213, 236 (1983)], the Supreme
Court stated that probable cause is a fluid concept-turning on the assessment of
probabilities in particular factual contexts-not readily, or even usefully, reduced to
a neat set of legal rules.  The supporting affidavit must be read in its entirety and
in a commonsense and nontechnical manner.  Statements in an affidavit may not
be read in isolation-the affidavit must be read as a whole.  Furthermore, the
issuing judge or magistrate may give considerable weight to the conclusions of
experienced law enforcement officers regarding where evidence of a crime is
likely to be found and is entitled to draw reasonable inferences about where
evidence is likely to be kept, based on the nature of the evidence and the type of
offense.

*United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (citations, quotation marks and

brackets omitted).

The entire affidavit of Trooper Frank Koneck reads as follows:

1.  That your affiant is a member of the Pennsylvania State Police and been so
employed for over seven years.  I am currently assigned to the Troop "B"
Washington Patrol unit.  My prior law enforcement experience includes working
for over five years, as Deputy Sheriff at the Washington County Sheriff's Office,
Washington, Pennsylvania.  I have been to more than thirty (35) classes, training,
and seminars conducted by the Pennsylvania State Police and outside local, state
and federal law enforcement agencies on aspect of drug investigations and tactical
training. I have conducted in excess of 300 drug related investigations concerning
the manufacture, distribution, possession and use of a variety of illegal drugs and
drug paraphernalia and more than thirty (30) firearms investigations which have
led to seizures of weapons. I have worked cooperatively with numerous local,
state and federal agencies including the United States Drug Enforcement
Administration and Bureau of Alcohol, Tabacco [sic] and Firearms, with
investigations that have led to several arrests, seizures and successful
prosecutions.

2.  This officer as well as other members of Troop B vice and Patrol unites [sic]
have been receiving numerous drug, prostitution and noise complaints at the Red
Roof Inn, Canton Twp., Washington County.  This officer has investigated
numerous complaints within the last month and several arrests for narcotics have
been made.  This officer has also developed a working relationship with the
management and employees of the hotel to actively investigate these complaints.
This officer as well as members of the Troop B Vice are aware due to the
location of the hotel (close proximity to Interstate(s) 79 and 70) and low cost of
the room rental rates this hotel is regularly used as a point of sale for drug and
narcotics traffickers.  This officer is also aware that drug/narcotic traffickers often
carry weapons, specifically firearms to protect their cache of drugs and narcotics.

3.  On February 11, 2006 at 800 hrs. this officer received information from
employee's [sic] of the Red Roof Inn, Canton Twp, Washington County,
Pennsylvania.  These employees wish to remain anonymous at this time for fear of
reprisal from the suspect, Deion Wilson.  These employees stated that an
individual named Deion WILSON rented room 230 on February 9, 10, and 11,
2006.  WILSON identified himself with a Pennsylvania drivers

4

license/identification card.  These employees reported that on February 10, 2006 at approximately 1210 hrs. an employee observed a small black firearm/handgun laying on the bottom shelf of the nightstand between two beds in Room 230 (WILSON was not present).  The employee immediately left the room and reported seeing the firearm to another employee.  The employee went back to the room at approximately 1600 hrs. and went in to clean.  A short time later WILSON entered the room and the employee advised him that he can't have guns just laying around.  The employee further told him that employees of the Red Roof Inn will not clean his room if they see stuff like that (the gun).  WILSON responded, "I'm bad, sorry, you won't see the gun again."  The employee again observed the gun when WILSON opened a drawer in the room.

4.  On February 11, 2006, at approximately 0820 hrs. this officer identified an individual named Deion Lamont WILSON, DOB: 02/19/72, PA SID #194-38-36-8, through a CPIN and JNET photograph.  I reviewed WILSON'S criminal information through the aforementioned PA SID.  WILSON'S criminal history included convictions/guilty pleas for a summary of WILSON'S criminal history follows [sic]:
-Violation of the Controlled Substance Drug Device and
Cosmetic Act
-Possession with intent to deliver (felony) on 08/14/91
-Aggravated Assault (felony) on 02/02/93
-Robbery (felony) on 09/26/94.  Attached to this affidavit is a criminal history record for WILSON.  A photograph was taken to the Red Roof Inn by Tpr. Fred SCOTT on 2/11/06. Tpr. SCOTT showed the photograph of WILSON to an employee of the Red Roof Inn.  This employee was the employee that observed the forearm [sic] and WILSON in Room 230.  It should be noted that this employee did positively identify WILSON (from the photo) as the individual in Room 230.

5.  This officer did check with the management of the Red Roof Inn, Canton Twp., Washington County who informed this officer that WILSON is still listed as the current resident.

6.  After reviewing WILSON'S criminal information this officer has determined WILSON is a convicted felon and is not to be in the possession of firearm.

7.  This officer believes that probable cause does exist to search room 230, Red Roof Inn, Canton Twp., Washington County.

Response at 2-4.

The government's Response also states that "[t]he warrant requested permission to search Wilson and Room 230 for firearms, ammunition and holsters," and that "[a]t 11:00 a.m., on February 11, 2006, Pennsylvania District Justice Jay Weller issued the warrant."  Response at 4.

The Court finds and rules that the district justice had a substantial basis for concluding that probable cause existed to search of Defendant's motel room for a firearm, ammunition

and/or holsters.  Among other relevant facts, the affidavit establishes that the officer was well-trained and highly experienced, had personally been involved in a number of drug investigations at the motel, knew that Defendant had been convicted of multiple felonies, knew that drug dealers often carry weapons for protection, had a working relationship with the management and employees of the motel, knew that the management and employees were reliable sources of information, knew that the employees' information was based on two firsthand observations of the firearm, and corroborated the information supplied by the hotel employees.  Under these circumstances the district justice had a substantial basis of underlying facts from Trooper Koneck to justify issuance of  the search warrant.

Even if the affidavit was not sufficient to establish probable cause, the evidence need not be suppressed in this case scenario.  The Court finds and rules that the "good faith" exception would apply to this case.  The "good faith" exception has been explained as follows:

> In *United States v. Leon*, 468 U.S. 897, 926, (1984), the Supreme Court held that evidence found to be unsupported by probable cause is, nevertheless, admissible when obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate judge.  The test for whether the good faith exception applies is whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.

*United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999) (citations and quotation marks omitted).  There are four situations in which the *Leon* good faith exception does not apply: (1) where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) where the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*United States v. Williams*, 3 F.3d 69, 74 n.4 (3d Cir. 1993).  The Court finds and rules that there is no indication or evidence that Trooper Koneck's reliance on the search warrant was not objectively reasonable and in good faith, or that any of the foregoing exceptions apply.

Therefore, Defendant's Motion to Suppress Evidence is **DENIED**.

**<u>Motion to Produce Evidence Which the Government Intends to Use Under</u>**

**<u>Federal Rules of Evidence 404(b) and 609</u>**

Defendant has moved the Court to order the government to produce "any and all evidence it intends to use against the defendant at his trial pursuant to Federal Rules of Evidence 404(b) and 609." Motion at 1. As for Rule 404(b) evidence, the government states that it will seek to introduce approximately 28 grams of cocaine found during the search of Defendant's motel room. Response at 18. As for Rule 609 evidence, the government states that it intends to cross-examine Defendant about his prior convictions in the event that he testifies. *Id*. The government also indicates that prior to trial it will submit briefs regarding the admissibility of the cocaine and prior convictions. *Id*. It appears that the government's Response provides Defendant with all of the requested information. Therefore, it is unnecessary to compel to government to do so. Accordingly, the Motion is **DENIED AS MOOT**.

So **ORDERED** this 8th day of June, 2006.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    James J. Brink, Esquire
       Email: james.brink@att.net

       Michael Leo Ivory, AUSA
       Email: michael.ivory@usdoj.gov

7