IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cr-97 |
| ) | |
| DEION LAMONT WILSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court are the MOTION FOR NEW TRIAL (*Document No. 51*) and MOTION FOR A JUDGMENT OF ACQUITTAL (*Document No. 52*) filed by Defendant Deion Lamont Wilson. The government has filed responses in opposition (*Document Nos. 53, 54*). Defendant was convicted by a jury on September 7, 2006 of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1), *i.e.*, possession of a firearm in or affecting interstate commerce by a convicted felon. After due consideration of the filings and arguments of counsel, the Federal Rules of Criminal Procedure, and the applicable case law, the MOTION FOR NEW TRIAL (*Document No. 51*) and MOTION FOR A JUDGMENT OF ACQUITTAL (*Document No. 52*) will be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Wilson was charged in a one-count indictment on March 14, 2006 with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Prior to trial, Wilson's counsel filed numerous motions in limine (*Document Nos. 36, 38, 39, 40*), to

which the government responded. The Court ruled on these motions orally, granting Defendant's motions in limine at Document Nos. 36 and 40, and denying the motions in limine at Document Nos. 38 and 39. One of the motions in limine which the Court denied involved evidence concerning a transaction in which Delfine Bredniak sold the subject firearm in question to Defendant in exchange for drugs. The Court also denied a motion in limine regarding $1,787.00 in cash that was found during the same police search of a Red Roof Inn room, in Defendant's presence, at which the subject firearm was found. The search was conducted pursuant to a validly issued search warrant. The Court granted Defendant's motion in limine to exclude evidence of cocaine which was found during this search and precluded the government from arguing to the jury that Wilson possessed the firearm because he was engaged in drug trafficking. The Court also precluded the government from exploring the details of Wilson's underlying prior felony convictions in the event Wilson chose to testify. The parties stipulated to two of the three elements of the offense, that Wilson had qualifying prior convictions and that the firearm recovered during the search was operational and that it had been in or affecting interstate commerce. Thus, the only issue remaining for trial was whether Wilson possessed the firearm.

#### DISCUSSION

A.      Motion for New Trial

Federal Rule of Criminal Procedure 33 ("Rule 33") provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Wilson contends that because the Court permitted

2

testimony regarding the "gun for drugs" transaction with Delfine Bredniak, and because it permitted introduction of the $1,787 in cash found in the motel room, he was irreparably prejudiced because the jury was given an opportunity to infer that he was a drug trafficker, a crime with which he was not charged.

The Court of Appeals for the Third Circuit has instructed that a new trial should be granted under Rule 33(a) only if "there is a serious danger that a miscarriage of justice has occurred - that is, an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). *See also United States v. Tarango*, 396 F.3d 666, 671 (5th Cir. 2005) ("This power should be exercised infrequently by district courts, unless warranted by 'exceptional circumstances'."); *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004) ("A new trial is granted only upon determination of adverse effects upon substantial rights of the defendant.").

A new trial should not be granted in this case. The Court permitted the testimony of Delfine Bredniak because it was relevant regarding the circumstances of how and when Wilson initially came into possession of the firearm. Bredniak's testimony was corroborated by his personal possession of a gun case that he provided to the law enforcement agents which bore the same serial number as that etched on the firearm. The government did not emphasize the drug-related aspect of the transaction at all at trial. Defendant did not object during Bredniak's testimony, but instead vigorously cross-examined Bredniak regarding inconsistencies between Bredniak's trial testimony that Wilson provided him with real drugs and Bredniak's earlier statement that he had received counterfeit drugs from Wilson for the gun. Moreover, the Court

3

issued a cautionary instruction to the effect that Wilson was on trial solely for the gun possession charge set forth in the indictment. Defendant agreed that the Court's curative instruction was sufficient to allay any potential taint. The testimony regarding the $1,787 in cash recovered during the search of the motel room was relevant to demonstrate Wilson's possession of various items in that room. Wilson claimed ownership of the cash, which was found in an article of clothing immediately beneath the jacket which contained the firearm. The government did argue that Wilson readily claimed ownership of the clothes and money, but lied to police when he denied ownership of the jacket and firearm. The Court accepted the government's argument that there was a spatial relationship between the cash and the firearm. The government did not attempt to imply or have the jury infer that the amount of cash recovered in the search was indicative of unlawful activity. The Court's decisions to admit this evidence were correct.

      Even if this Court's evidentiary rulings were erroneous, such errors were harmless. The evidence against Wilson was overwhelming, even had the motions in limine been granted. The government presented evidence that Wilson had obtained the firearm at issue from Bredniak several months prior to the search of the motel room. The serial number on the gun found in Wilson's motel room matched the serial number on the gun case retained by Bredniak. Wilson had rented the motel room. The day prior to the search, a motel employee saw a handgun in Wilson's room and Wilson told her that she would not see it again. The jacket in which the gun was found was permeated with Wilson's DNA. Wilson was present in the room when the gun was found during a lawful search. Given this evidence, it is extremely unlikely

that testimony about Bredniak's receipt of drugs in exchange for the gun or testimony about the cash recovered during the search had significant influence on the jury's decision. In summary, there was no miscarriage of justice and the MOTION FOR NEW TRIAL (*Document No. 51*) is **DENIED**.

B.  Motion for Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides that a court may enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Rule 29(c) explains that if a jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. However, after a guilty verdict, the court must view the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As explained above, the evidence of guilt in this case was overwhelming. The parties stipulated that Wilson had previously been convicted of two qualifying prior felonies and that the firearm involved in the offense affected interstate commerce. Thus, the only element of the offense remaining for the jury's consideration was possession by Defendant. As detailed above, the government presented an abundance of compelling evidence from which a rational jury could find beyond a reasonable doubt that Wilson actually possessed the firearm. Accordingly, the MOTION FOR A JUDGMENT OF ACQUITTAL (*Document No. 52*) is **DENIED**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cr-97 |
| ) | |
| DEION LAMONT WILSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF COURT**

AND NOW, this 10th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED and DECREED** that the MOTION FOR NEW TRIAL (*Document No. 51*) is **DENIED** and the MOTION FOR A JUDGMENT OF ACQUITTAL (*Document No. 52*) is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  James J. Brink, Esquire
Email: james.brink@att.net

Michael Leo Ivory, AUSA
Email: michael.ivory@usdoj.gov

U.S. Probation Office