# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                                 )
v.                                   )     02: 06-cr-0097
                                 )     02: 09-cv-0733
DEION LAMONT WILSON     )

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (*Document No. 80*) filed *pro se* by Petitioner / Defendant, Deion Lamont Wilson.  Wilson has filed a Memorandum of Facts and Law in Support of his motion, which is based on 28 U.S.C. § 2255  *(Document No. 81).*  The government has filed a response in opposition to the motion *(Document No. 82)*, and the motion is ripe for decision.  The Court concludes that an evidentiary hearing is not warranted.

## Factual and Procedural Background

On March 14, 2006, a grand jury returned a one-count Indictment which charged Wilson with "knowing possession of a firearm in or affecting interstate commerce after having been previously convicted of a crime punishable by a term exceeding one year of imprisonment," in violation of 18 U.S.C. § 922(g)(1) (generally referred to as "felon in possession of a firearm") and with being an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1).  On September 7, 2006, after a trial by jury at which he was represented by attorney James Brink, Wilson was found guilty.  Wilson, through his attorney, then filed a Motion for New Trial and Motion for Judgment of Acquittal.  On October 10, 2006, the Court denied these

post-trial motions.  On December 11, 2006, the Court sentenced Wilson to a term of imprisonment of 262 months, with five years of supervised release to follow.

Attorney Brink filed a direct appeal to the United States Court of Appeals for the Third Circuit on behalf of Wilson, in which he challenged several of this Court's evidentiary rulings.  On June 9, 2008, the Court of Appeals affirmed Wilson's conviction and sentence in a non-precedential opinion.   This § 2255 motion followed, which the government concedes to be timely.

**Discussion**

Under 28 U.S.C. § 2255, a federal prisoner may move the Court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ."  28 U.S.C. § 2255.  As noted above, the government has filed a response to Wilson's motion.

Wilson contends that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution for the following alleged reasons: (1) counsel failed to argue to the jury that more than one person's DNA was found on the jacket from which the gun was recovered; (2) counsel failed to investigate and present evidence regarding a black curling iron that was located in the motel room dresser drawer, which might

2

have cast doubt on a witness' testimony that she saw a black gun in the same drawer; and (3) counsel failed to object and seek a jury instruction to the effect that he had no actual possession of the weapon and another person had equal access and joint occupancy over the motel room.

These allegations are governed by the familiar, two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Defendant must demonstrate not only that his attorney's performance was objectively unreasonable and deficient, but also that he suffered resultant prejudice.  *Id.* at 687.  The Court of Appeals for the Third Circuit has recommended that the "prejudice" prong be considered first, as it is less burdensome to defense counsel.  *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005).  Wilson cannot satisfy either prong of this test.  The Court finds that Defendant's claims of ineffective assistance of counsel are without merit.

1.     Prejudice

The evidence of Wilson's guilt was simply overwhelming and the alleged errors by counsel would not have affected the outcome of the case.  *See Strickland*, 466 U.S. at 694.  The parties stipulated to two of the three elements of the offense, that Wilson had qualifying prior convictions and that the firearm recovered during the search was operational and that it had been in or affecting interstate commerce.  Thus, the only issue remaining for determination at trial was whether Wilson possessed the firearm.

Most tellingly, the government presented the testimony of Delfine Bredniak, who described the circumstances by which Wilson initially came into possession of the firearm several months prior to the search of the motel room.  Bredniak testified that he sold the gun to

Wilson in exchange for drugs.  Bredniak's testimony was corroborated by his personal possession of a gun case -- which he had retained and provided to the law enforcement agents -- that bore the same serial number as that etched on the firearm recovered in Wilson's motel room.  Wilson and only one other person were present in the room when the gun was recovered pursuant to a lawfully issued search warrant.   Wilson had rented the motel room.  The day prior to the search, a motel housekeeper saw a handgun in Wilson's room and later talked with Wilson about it.  Wilson told her that she would not see the gun again.  The jacket in the room in which the gun was found was permeated with Wilson's DNA.  Wilson claimed ownership of other clothing and cash which were found in the room immediately underneath the jacket. Given this evidence, it is extremely unlikely that the alleged errors by Wilson's attorney had or would have had any significant influence on the jury's decision.  In summary, Defendant suffered no prejudice.

       2.      Performance

Even assuming, arguendo, that the outcome of the case might have been different, Attorney Brink was not ineffective.  Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and strategic choices made by counsel are virtually unchallengeable.  *Id.* at 688-90.  As reiterated by this Court and the Court of Appeals, possession of a firearm may be "actual" or "constructive," and it may be "sole" or "joint."

With a proper understanding of the concept of "possession," it is clear that the allegations of ineffectiveness by attorney Brink are without merit.  It would have been entirely

unavailing for counsel to argue to the jury that the DNA of one or more other persons was found on the jacket from which the gun was recovered.  Because Wilson's DNA was also found on the jacket (indeed, was the "major" DNA), the existence of other DNA would not have rebutted the existence of joint possession.  Similarly, evidence regarding a black curling iron could not have exonerated Wilson, because it is undisputed that a gun was, in fact, found in the motel room during a search conducted pursuant to a lawful search warrant.  The existence and/or presence of a curling iron would not change this basic fact.  The Court further notes that the housekeeper first observed the gun on the bottom shelf of a nightstand, as opposed to "the drawer belonging to the female suspect," as stated in Wilson's Memorandum, and that attorney Brink did question witnesses about the curling iron.  Finally, it would have been futile for counsel to advocate on behalf of a jury instruction that did not reflect a complete and accurate explanation of the different types of possession recognized under the law.  The result in *United States v. Brown*, 3 F.3d 673 (3d Cir. 1993), is distinguishable because the government presented evidence in this case that Wilson actually exercised dominion and control over the gun.  For example, there was testimony and evidence that Wilson had purchased the gun from Bredniak several months earlier and that Wilson had personally told the housekeeper that she would not see the gun again.  It is the Court's observation that attorney Brink provided Wilson with thoughtful, energetic and professional representation throughout this case.

### Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability should be issued with respect to Defendant's motion to vacate. When the denial or dismissal of a

habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

The Court finds that jurists of reason would not find it debatable whether Defendant states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether counsel was ineffective for the reasons stated by Wilson.    Accordingly, a certificate of appealability will not be issued.


### Conclusion

For the reasons set forth herein, the Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 and that summary dismissal is appropriate.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
)
v     )     02: 06-cr-0097
)     02: 09-cv-0733
DEION LAMONT WILSON     )

## ORDER OF COURT

**AND NOW**, this 7th day of December, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (*Document No. 80*) is **DENIED.**

It is further **ORDERED, ADJUDGED AND DECREED** that a Certificate of Appealability SHOULD NOT ISSUE with respect to the Court's Order denying Petitioner's section 2255 Motion because, for the reasons set forth in the Memorandum Opinion, he has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). *See also* Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition . . . under § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc:     Michael L. Ivory
     Assistant U.S. Attorney
     Email: mike.ivory@usdoj.gov

     Deion Lamont Wilson (Via US Mail)
     Register # 03309-053
     FCI Allenwood Medium
     Federal Correctional Institution
     P.O. Box 2000
     White Deer, PA 17887