IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) 2:06-cr-0097 |
| DEION WILSON, | ) 2:14-cv-0881 ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Deion Wilson's MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 84). No response is necessary. For the following reasons, Wilson's motion will be dismissed for lack of jurisdiction as a second or successive motion under 28 U.S.C.A. § 2255(h), and no Certificate of Appealability ("COA") will be issued.

**I.    Background**

On March 14, 2006, Wilson was charged in a one-count indictment with having been a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was eventually convicted at a jury trial. Prior to sentencing, the Probation Office prepared a Pre-Sentence Investigation Report, in which it indicated that Wilson had at least three prior convictions for "serious drug offense[s]," which qualified him as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). As a result, this Court sentenced Wilson to a statutory mandatory minimum sentence of 262 months' imprisonment, to be followed by five years' supervised release. On June 9, 2009, the United States Court of Appeals for the Third Circuit affirmed Wilson's conviction in a non-precedential opinion. On June 8, 2009, Wilson filed a timely motion to vacate sentence under 28 U.S.C. § 2255, in which

1

he alleged ineffective assistance of counsel. On December 7, 2009, this Court denied Wilson's motion.

On July 7, 2014, Wilson filed a second § 2255 motion, arguing that he should be re-sentenced because he no longer qualifies as a career offender under the ACCA . Specifically, he argues that his prior conviction for manufacturing, delivering, or possession with intent to manufacture or deliver a controlled substance under Pennsylvania law, 35 Pa.C.S.A. § 780-113(a)(30), is not a "serious drug offense" under the elements-driven categorical approach applied in the recent Supreme Court decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). He further argues that his petition is timely because he filed it within one year of the Supreme Court's decision in *Descamps*, which he contends has recognized a new constitutional right that is "retroactively applicable to cases on collateral review." 28 U.S.C. § 2555(f)(3).

## II. Discussion

As noted, Wilson filed a prior motion for relief under § 2255 in 2009, in which he challenges the same conviction he is challenging in the present motion. When it adopted the Anti-terrorism and Effective Death Penalty Act of 1996, Congress placed strict limits on a district court's power to entertain a second or successive § 2255 motion. Specifically, a district court lacks jurisdiction over a second or successive motion unless a three-judge panel of the appropriate court of appeals has certified, in accordance with 28 U.S.C. § 2244, that the motion raises either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Wilson has not filed a certification from the Third Circuit Court of Appeals

that authorized the filing of his second motion. Thus, this Court lacks jurisdiction to consider it, and the Court's "only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F .3d 128, 139 (3d Cir. 2002).

Section 1631 provides that a district court lacking jurisdiction over a case "shall, if it is in the interests of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed." To decide whether it would be "in the interests of justice" to transfer a motion under § 2255, a district court is empowered to undertake a "limited review of the merits" of the motion. *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999). If that review reveals that "the case is a sure loser" in the court of appeals, then the district court "should dismiss the case rather than waste the time of another court" by transferring it. *Id.* Accordingly, before transferring Wilson's motion, this Court is obliged to consider whether it falls "within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (non-precedential).

Wilson's motion does not satisfy either of those grounds. It is not based on any newly discovered evidence, and although Wilson argues that *Descamps* recognized a new constitutional right that is "retroactively applicable to cases on collateral review," the overwhelming weight of authority interpreting that case has actually held that there is no indication that the Supreme Court intended for its holding to be applied retroactively.[1] *See, e.g.*, *U.S. v. Patrick*, 2014 WL 2991857, at *2 (E.D. Ky. July 2, 2014) (collecting cases); *Groves v. U.S.*, --- F.3d ----, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."). This Court agrees. Therefore, Wilson's motion will be

---

[1] In fact, this Court's research did not reveal *any* cases suggesting that *Descamps* is to be applied retroactively to cases on collateral review.

dismissed for lack of jurisdiction rather than transferred to the Court of Appeals.

The Court must still determine whether a COA should be issued. When a district court denies a habeas petition on procedural grounds, a COA should issue only when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no such showing has been made in this case: Wilson's motion clearly qualifies as a "second or successive" motion, over which this Court lacks jurisdiction unless the appropriate certification has been received from the Third Circuit Court of Appeals. Thus, a COA will not be issued.

## III. Conclusion

Accordingly, Wilson's MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 84) is **DISMISSED** for lack of jurisdiction, and a COA is **DENIED**. Civil Action 14-881 shall be docketed as closed.

**SO ORDERED**, this 8th day of July, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Deion Lamont Wilson
FCI Loretto
PO Box 1000
Loretto, PA 15940
PRO SE

Michael Leo Ivory, AUSA
Email: michael.ivory@usdoj.gov